# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



**Case Name:**   **Amy St. Pierre v Stephen J Griffin**
**Case Number:**   **218-2020-CV-01230**

Date Complaint Filed: November 23, 2020
A Complaint has been filed against Stephen J Griffin in this Court. A copy of the Complaint is attached.

## The Court ORDERS that ON OR BEFORE:

| | |
|---|---|
| January 15, 2021 | Amy St. Pierre shall have this Summons and the attached Complaint served upon Stephen J Griffin by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| February 05, 2021 | Amy St. Pierre shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Stephen J Griffin must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Stephen J Griffin:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:
  Amy St. Pierre
  Stephen J Griffin

3 Bradley Ln North Hampton NH  03862
37 Barnes St Providence RI  02906

BY ORDER OF THE COURT

December 01, 2020

Jennifer M. Haggar
Clerk of Court

(126987)

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:      **Amy St. Pierre v Stephen J Griffin**
Case Number:    **218-2020-CV-01230**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Rockingham Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1. Complete the registration/log in process. Click Register and follow the prompts.

2. After you register, click Start Now.  Select **Rockingham Superior Court** as the location.

3. Select "I am filing into an existing case".  Enter **218-2020-CV-01230** and click Next.

4. When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5. Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

Filed
File Date: 11/23/2020 3:30 PM
Rockingham Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
**http://www.courts.state.nh.us**

Court Name: Rockingham - Superior Court

Case Name: Amy St.pierre v. Stephen J Griffin

Case Number: **218-2020-CV-01230**
(if known)

# COMPLAINT

Requested:  ☒ Jury Trial (as allowed by law)  ☐ Bench Trial

1. Plaintiff's Name Amy St.pierre

   Residence Address 3 Bradley Ln, North Hampton, NH 03862

   Mailing Address (if different) _____

   Telephone Number (Home) _____  (Mobile) (856) 264-2401

2. Defendant's Name Stephen J Griffin

   Residence Address 37 Barnes St, Providence, RI 02906

   Mailing Address (if different) _____

3. First thing that happened (in one sentence):

   Claim amount: $985,000.00. On March 30, 2019, Amy St.Pierre discovered Stephen J Griffin, posing as her husband, John, used John's photo, email address and password in order to gain unauthorized access to her personal Google account, and then gave access and editing rights to documents in her account to others.

4. Second thing that happened (in one sentence):

   Amy St.Pierre filed a criminal complaint with Exeter, NH police department and the FBI and Stephen J Griffin began retaliating, harassing, and intimidating Mrs. St.Pierre, which is documented in several court documents.

5. Third thing that happened (in one sentence):

   The harassment continued when Griffin published a false, defamatory, malicious, and damaging book called "Front Row Seat: Greed and Corruption in a Youth Sports Company", written about Amy St.Pierre and her family, accusing them of criminal conduct, causing irreparable harm to Mrs. St.Pierre and her family's reputation and relationships.

Continue on using separately numbered paragraphs (attach additional sheets if necessary).

TurboCourt.com Form Set #5166634

**Case Name:** Amy St.pierre v. Stephen J Griffin

**Case Number:** _____

**COMPLAINT**

For the reasons stated in this Complaint, I request that the Court issue the following orders:

A.  Describe the orders you want the Court to make:

Stephen J Griffin was unjustly enriched and received other benefits by accessing Amy

St.Pierre's files, in violation of the SCA, as well as created a financial burden

for Mrs. St.Pierre to secure her account and defend against the documents accessed;

therefore, Mrs. St.Pierre is entitled to damages within the jurisdictional limits of

this Court in an amount to be proven at trial.

B.  All other relief the Court deems fair and just.  [See Attachment(s), 'Item A' (continued)]

| | |
|---|---|
| Amy St.pierre | /s/ Amy St.pierre                           11/23/20 |
| **Name of Filer** | **Signature of Filer**                    **Date** |
| | (856) 264-2401 |
| Law Firm, if applicable    Bar ID # of attorney | **Telephone** |
| 3 Bradley Ln | amy.stpierre25@gmail.com |
| **Address** | **E-mail** |
| North Hampton, NH 03862 | |
| **City**          **State**          **Zip code** | |

Attachment Page __1__ (of __1__ )

To Complaint _____

**Item A (continued)**

Griffin falsely representing himself as Amy St.Pierre's husband allowed Griffin to have unauthorized access to Mrs. St.Pierre's accounts for months, causing her to suffer humiliation, emotional distress as well as created a financial burden to secure her account; therefore, Mrs. St.Pierre is entitled to damages within the jurisdictional limits of this Court.

Griffin's Invasion of Privacy caused Amy St.Pierre to suffer humiliation, emotional distress, as well as created a financial burden to secure her accounts; therefore, she is entitled to damages within the jurisdictional limits of this Court. Also, Mrs. St.Pierre will be requesting a subpoena to Google for all items in her personal account accessed by someone other than her.

As a result of Griffin's Retaliation, Intimidation, and Interference, Amy St. Pierre has suffered financial losses incurred to defend against the libel and false statements, lost earnings, and emotional distress; therefore, Mrs. St.Pierre is entitled to damages and attorney's fees within the jurisdictional limits of this Court in an amount to be proven at trial.

As a result of Griffin's defamation, Amy St.Pierre has suffered personal and professional reputational harm, financial losses including lost earnings, and emotional distress from losing friends and seeing the devastating affect it has had on her children; therefore, Mrs. St.Pierre is entitled to damages, and attorney's fees, and all proceeds from Griffin's book.

TurboCourt.com Form Set #5166634

If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.

Filed
File Date: 11/23/2020 3:30 PM
Rockingham Superior Cour
E-Filed Documen

STATE OF NEW HAMPSHIRE                    ROCKINGHAM, SS. SUPERIOR COURT

Docket No. **218-2020-CV-01230**

Amy St.Pierre

v.

Stephen J. Griffin

## **COMPLAINT**
### (JURY TRIAL DEMANDED)

Plaintiff Amy St.Pierre, brings this Complaint against Defendant Stephen J. Griffin

## **INTRODUCTION**

1. This case arises from Defendant Stephen J. Griffin ("Griffin") posing as Amy St.Pierre's

   husband, John St.Pierre ("John"), and using John's email address and password to access,

   without her knowledge or authorization, her personal Google account.  Posing as John,

   Griffin then sent Mrs. St.Pierre's documents to others, giving them full editing rights. When

   Mrs. St.Pierre discovered her personal account had been illegally accessed, she filed criminal

   complaints against Griffin with the FBI and the Exeter, NH police department. Soon after,

   Griffin began retaliating, harassing, and intimidating Mrs. St.Pierre.  Griffin's libel against

   Mrs. St.Pierre is documented in three separate court documents, in a case to which she is a

   non-party.  The retaliation and harassment intensified when Griffin's Counsel issued two

   subpoenas for all Mrs. St.Pierre's personal email and private secure information. When the

   Judge ordered that Mrs. St.Pierre and Google not comply with the subpoenas, Griffin then

   fabricated evidence that his Counsel submitted in an Objection. However, the Judge still

   sided with Mrs. St.Pierre and granted her Motion to Quash, using strong language such as

   "fishing expedition" and "acrimonious pleadings laced with gratuitous ad hominem attacks"

   and "potential for harassment".

1

2.  The harassment continued when Griffin published a false, defamatory, malicious, and damaging book written about John, Mrs. St.Pierre, and several others, accusing them of criminal conduct. This publication was clearly intended to cause irreparable harm to Mrs. St.Pierre and her family's reputation, relationships, and cause financial distress while Griffin profited and benefited his own interests.  Griffin undertook his actions in retaliation of Mrs. St.Pierre's criminal complaint, her husband's lawsuit against Griffin, and to repair his reputation after leading a once successful company into Chapter 7 bankruptcy, with the company owing millions of dollars to youth hockey families.

## PARTIES

3.  Plaintiff Amy St.Pierre is an individual who resides at 3 Bradley Lane, North Hampton, New Hampshire.

4.  Defendant Stephen J. Griffin is, upon information and belief, an individual who resides at 37 Barnes St., Providence, Rhode Island.

## JURISDICTION AND VENUE

5.  Jurisdiction in proper in this Court pursuant to RSA 491:7 and RSA 498:1.

6.  Venue is proper in Rockingham County, as that is where Plaintiff resides, and was where the Defendant's business was located when most of the unlawful practices complained of herein occurred and where the Criminal Complaint was filed. See RSA 507:9.

**FACTUAL BACKGROUND**

7.  In 2003, Mrs. St.Pierre's husband, John St.Pierre ("John") co-founded a small start-up
    company that later became Legacy Global Sports ("Legacy"), a global, $50 million business.
    John was Legacy's CEO and President until November 28, 2018.

8.  During that 15 year period, Mrs. St.Pierre and John shared many personal documents by
    email, Google Drive, and Dropbox (both are an online file/picture storage and
    synchronization service solution primarily used for file/picture storage and backup). Mrs.
    St.Pierre mostly used her "amystp25@gmail.com" account and John mostly used his Legacy
    account "jstpierre@legacyglobalsports.com".  Because John started the business as a hobby
    with his two best friends, his Legacy email address was his personal email address when
    most of the personal documents were shared.  Also, John as co-founder and CEO, fully
    owned all of his equipment (computer, laptop, phone) and had no employment contract or
    Electronic Device Agreement.

9.  John was unexpectedly terminated on Nov 28, 2018, without cause and his Board seat was
    eliminated as part of an elaborate scheme by Griffin and the Private Equity firm that had
    recently invested 6 months earlier, to devalue Legacy in order to dilute and then eliminate his
    and the other founder's ownership interest in Legacy. The Board, controlled by the Private
    Equity firm, then named Griffin as CEO to replace John. When John refused to sign a non-
    compete and give up his class C shares in exchange for 3 months' severance (after 15 years
    of building the successful company), a lawsuit, led by Griffin, was filed against him.  Barry
    Pollack ("Pollack"), partner at Pollack Solomon Duffy LLP, was Counsel for Legacy in
    *Legacy Global Sports, L.P. v. John St. Pierre, and North Atlantic Hockey LLC d/b/a The Rinks at
    Exeter*, No. 218-2019-CV-00198 (N.H. Super. Ct. Feb. 13, 2019).  Mrs. St.Pierre is a non-party to
    this lawsuit.

3

10. After John was terminated on Nov 28, 2018, he had to transition administration access to Legacy's systems over to Griffin, which then gave Griffin access to John's Legacy email account "jstpierre@legacyglobalsports.com".  Griffin was the only one with access to John's email and account.

11. In March 2019, after Mrs. St.Pierre discovered her credit card was compromised, she began looking at all of her personal and financial accounts.

12. On March 30, 2019, Mrs. St.Pierre discovered Griffin, posing as her husband, used John's email address and password in order to gain unauthorized access to her personal Google account "amystp25@gmail.com".  Among the contents of the accessed Google Drive were pictures and information about Mrs. St.Pierre, her family, financials, health records, and other personal matters.  Once he obtained information from Mrs. St.Pierre's account, Griffin then continued to pose as John and sent that information to others and gave them editing rights.  Under "My Drive/Activity" on Mrs. St.Pierre's Google Drive, Mrs. St.Pierre took photos of the screen (See Exhibit 1) of the following "Activity" which shows the date, the person (including a picture), and the activity:

   a)   Dec 28, 2018– "John St.Pierre" (jstpierre@legacyglobalsports.com) which still included his picture even though he was terminated 30 days before, "shared an item" "Seacoast Sports Village.docx" and granted editing rights "Can Edit" to "Derek Irwin".

   b)   Dec 28, 2018– "John St.Pierre" "shared an item" "Seacoast Sports PP.pptx" and created a link so that "Anyone with the link" "Can view".

   c)   Jan 3, 2019- "Derek Irwin" "shared an item" "Seacoast Sports Village.docx" with "Barry Pollack".

   d)   Jan 3, 2019- "Seacoast Sports Village.docx" located in a folder "Sports Village" on Mrs. St.Pierre's Google Drive was "Modified 9:59AM Jan 3"

13. Even after Mrs. St.Pierre thought she removed Griffin, Irwin, and Pollack's access to her account completely on March 30, 2019, she found an old link to the documents "Seacoast Sports Village.docx" that showed "Barry Pollack" and "Derek Irwin" still had access to Mrs. St.Pierre's document (See Exhibit 2).  As shown in Exhibit 2, Mrs. St.Pierre is clearly listed as the Owner, with her name "Amy St.Pierre" and her picture.  When the cursor is put over that picture, it says "Google Account Amy St.Pierre amystp25@gmail.com".  Even if this view were closed, her picture remains in the upper right-hand corner as the Owner.

14. Mrs. St.Pierre continued to secure her account by changing her password and following Google's recommendation of deleting all files from an illegally accessed Google Drive.  If the items weren't permanently deleted, anyone with the links that Griffin and others created can still get access.  Google confirms that Mrs. St.Pierre was only able to delete items she owned on her personal Google Drive.  Per Google

    https://support.google.com/drive/answer/2375102: "**If you don't own the file, removing the file from your Drive only removes it for you**.".

15. Mrs. St.Pierre is still assessing the extent of how many other accounts, folders, and items Griffin accessed, downloaded, or printed that didn't show "Activity".  Per Google

    https://support.google.com/drive/answer/2409045 "Activity" only shows when someone "Edits or comments in Google Docs, Renames a file or folder, Moves or removes a file or folder, Uploads a new file to a folder, Shares or unshares an item", so that doesn't include items that were only opened, printed, or copied.  Mrs. St.Pierre has suffered financial loss, humiliation, and mental distress from Griffin's actions.

16. On June 14, 2019, Mrs. St.Pierre filed an IC3 (Internet Crime Complaint Center) complaint against Griffin with the FBI (see Exhibit 3).

17. On June 18, 2019, Mrs. St.Pierre filed a complaint against Griffin with the Exeter, NH Police
Department for violating NH 638:17 Computer Related Offenses, a computer crime for
unauthorized access and misuse of computer network information.  Mrs. St.Pierre also
pursued NH 638:26 Identity Fraud charges because Griffin posed as Mrs. St.Pierre's
husband, John, in order to gain access to her personal account to obtain information about her
and her husband to financially benefit himself.  Griffin had no authorization to send emails
and documents posing as John.  Mrs. St.Pierre worked with Detective Patrick Mulholland
over the next couple of weeks on that complaint. After meeting on two occasions and several
phone calls with Detective Mulholland, he decided the evidence was strong enough to issue a
Warrant to Google to get the details of the activity on Mrs. St.Pierre's account.  However, the
following week, the Detective called Mrs. St.Pierre to say the County Prosecutor wasn't
going to proceed because she had "bigger fish to fry".  The Detective also indicated if she
could prove that Griffin accessed sexually explicit images, it would be covered under specific
laws. Unfortunately, without the Warrant, Mrs. St.Pierre would not be able to find out all of
the files that were accessed because Google Legal Support confirms in an email to Mrs.
St.Pierre that they will not provide Mrs. St.Pierre information on her own account "it is
Google's policy to only provide subscriber information pursuant to a properly served, valid
third party subpoena or other appropriate legal process."

18. On Aug 12, 2019, Griffin retaliated, flipping the narrative in court documents with blatant
false statements against Mrs. St.Pierre in "190812 Second Amended Complaint REDLINE"
(No. 2.18-2019-CV-00198) stating:

> "83.        Upon information and belief, documents belonging to Legacy Global have been
> accessed, modified, and deleted by a Google user in the name of St.Pierre's spouse in an

effort to hide certain materials from Legacy Global as recently as in June and July 2019,

during the pendency of this litigation."

According to Google, Griffin's statement is false because Mrs. St.Pierre couldn't

intentionally, or unintentionally, delete anything that she didn't own on someone else's drive.

"If you don't own the file, removing the file from your Drive only removes it for you."

(https://support.google.com/drive/answer/2375102).  Griffin mentions Google Drive and

related Google applications 70 times in his book and portrays himself as an expert with his

years of "digging into the various Google Drive accounts" (p 287).  Therefore, he knows his

statement was false when he admits "Google Drive tracks the entire history of a file" (p 249)

and "I also could see the activity on the account down on the right-hand side, so I would

know if anything has been modified or deleted. Google Drive also tracks who else has access

to a file" (pp 287-288).

19. Griffin continued his harassment and intimidation tactics with blatant false statements on

Aug 29, 2019 in the *SUPPLEMENTAL DECLARATION OF STEPHEN GRIFFIN* (No. 2.18-

2019-CV-00198), where Griffin repeats the same defamatory accusations:

"11. I discovered in the course of this litigation that as recently as June and July 2019,

documents located on a Legacy Global Google drive belonging to Legacy Global have been

accessed, modified, and deleted by a Google user in the name of St. Pierre's spouse in an

apparent effort to hide certain materials from Legacy Global."

20. On Sept 13, 2019, Griffin continues his attacks in another *SUPPLEMENTAL*

*DECLARATION OF STEPHEN GRIFFIN* (No. 2.18-2019-CV-00198):

"Finally, neither Legacy Global nor its officers have access to Amy St. Pierre's personal

Google account. To the contrary, it appears that someone using Amy St. Pierre's name has

accessed a Google drive account belonging to Legacy Global without authorization from

Legacy to do so. I DECLARE UNDER THE PAINS AND PENALTIES OF PERJURY
THAT THE FOREGOING IS TRUE AND CORRECT."

21. Griffin then used these false claims for his Counsel, Phillip Rakhunov and Pollack, to issue
    two subpoenas for Mrs. St.Pierre's personal email and private information.  On January 28
    and 30, 2020, Pollack's law firm apparently issued, but did not serve to Mrs. St.Pierre, two
    separate Subpoena Duces Tecum. One was for <u>all</u> of her personal emails for the last four
    years, and the other for personal documents and private cyber security information (IP
    address, cell phone service, all telephone numbers, and brand and model of all phone and
    computers).  Mrs. St.Pierre found the Jan 28th Subpoena soaking wet in her front yard on
    February 12, 2020, over two weeks after it was issued.  Griffin's Counsel made no attempt to
    send or serve Mrs. St.Pierre the Jan 30th Subpoena issued to Google so that Google would
    hand over "all emails associated with "amystp25@gmail.com" from March 1, 2016, through
    the present" before she could object.  Griffin had illegal access to Mrs. St.Pierre's files for at
    least three months and was well aware that she had no evidence relevant to the Legacy
    lawsuit.  This, again, is another clear attempt at harassment and intimidation and served "no
    substantial purpose other than to embarrass, delay, or burden a third person" (*ABA Conduct
    Rule 4.4*).

22. On Feb 21, 2020, within 48 hours of submitting Mrs. St.Pierre's Motion to Quash, Presiding
    Justice Brian T. Tucker issued an Order, excusing Google and Mrs. St.Pierre from complying
    with both subpoenas.

23. On March 1, 2020, Rakhunov and Pollack then issued "*200301 Combined Opposition to the
    Motions by JSP NAH and ASP to Quash FILING*" (No. 218-2019-CV-00198) with false
    statements and fabricated and manipulated documents provided by Griffin, in the Exhibits of

*DECLARATION OF PHILLIP RAKHUNOV* ("Declaration") in an attempt to sway the Judge to approve the subpoenas for access to Mrs. St.Pierre's personal email and documents. The Declaration contains exhibit pages that were intentionally deceitful in using an account registered to sschultz@legacyglobalsports.com (Skipp Schultz), which is an account that was deactivated on Jan 9, 2016, and therefore had been an invalid account for almost 4 years. From the Declaration:

> "2. Attached as Exhibit A hereto is a true copy of webpage captures for the Google drive activity in the folder registered to sschultz@legacyglobalsports.com reflecting activity on March 30, 2019." (p 1)

24. Further proving the Declaration Exhibits A-E webpages were fraudulent, in the upper right hand corner of each webpage, is a picture of John St.Pierre, even though they claim the account belonged to Skipp Schultz (see Exhibit 4).

25. The identity fraud of Mrs. St.Pierre's husband, John, by Griffin, was again documented in Rakhunov's Declaration Exhibit C, showing that John St.Pierre's profile picture, and identified as "You", "changed permissions on an item" on "Aug 2" 2019, eight months after John no longer had access to his Legacy account (see Exhibit 5). Mrs. St.Pierre's Google Drive screenshot of the same folder confirms the same "John St.Pierre changed permission on an item" on Aug 2" 2019 (see Exhibit 6), although they "declared under pains and penalties of perjury" that the webpage was from Skipp Schultz's invalid account. Griffin posing as John caused Mrs. St.Pierre to not realize her personal account had been illegally accessed by Griffin for several months.

26. The details of the Google webpages in the Declaration Exhibit A pp. 3-13, using the invalid account of Skipp Schultz, were also manipulated and edited to not show specific, critical information. These fraudulent Google webpages show Mrs. St.Pierre "restricted access" to

9

items, but because the webpages are cut off, it doesn't show that the users Mrs. St.Pierre

restricted access to were old email addresses no longer used for the Rinks owner's, Travis

Bezio and Atul Saxena. More importantly, Mrs. St.Pierre is the owner of these documents,

which were located on her personal Google Drive, not Legacy's.  She had shared these

documents with her husband and the other owners of the Rinks from 2014-16 and they were

unrelated to the lawsuit. Specifically, as shown on the webpages, the documents were related

to an LED energy savings lighting upgrade, a new Zamboni, new gym, and other Rink

repairs and maintenance unrelated to the lawsuit.

27. Pages 15-32 of the Declaration Exhibit A were Google Drive webpages that were also

deceitful.  They show that Mrs. St.Pierre "removed" Rinks documents on March 30, 2019,

the day that she discovered Griffin and others had illegally accessed her account.  "removed"

items in Google Drive indicates they were removed from Mrs. St.Pierre's view only, as she

no longer wanted them to be viewable in her account's Shared folder. These documents were

still on the document owner's drive as she is not able to delete them. In Google Drive, if an

item is actually deleted, it says "moved an item to the trash" and then if trash is emptied,

activity says "permanently deleted".  Per Google

https://support.google.com/drive/answer/2494893 "If you delete a shared file that you don't

own:  The file will be removed from your Drive, but other collaborators can still access it",

therefore you CAN NOT delete a folder or item you do not own.  Items where you are

identified as the owner reside on the owner's Google Drive. An item shared with you to

which you are not the owner does not reside on your drive.  Also, as shown in the webpages,

these were Rink's sale closing related documents from the purchase of the Rinks in 2014 that

were shared with her by her husband and other Rink's owners in 2014-15, and unrelated to the lawsuit.

28. On May 15, 2020, the Honorable Judge Richard B. McNamara GRANTED Mrs. St.Pierre's Motion to Quash the two subpoenas Griffin's Counsel issued, using strong language to grant all Motions to Quash, including the Rinks and its owners, and John's Motion for Protective Order https://www.courts.state.nh.us/superior/orders/bcdd/Legacy-v-St-Pierre-3.pdf . Judge McNamara uses strong language such as "the subpoenas are defective" (p 2) and "the classic explanation of a fishing expedition" (p 7) and "acrimonious pleadings laced with gratuitous ad hominem attacks" (p 3). He said "discovery can be expensive and result in delay. It can be used as a weapon against a party with fewer resources." (p 3) That is exactly what Griffin did. It cost Mrs. St.Pierre $3133 and countless hours to defend against his malicious, harassing fishing expedition.

29. On May 20, 2020, a year and 5 months after Griffin became CEO, Legacy was entered into involuntary Chapter 7 Bankruptcy (MA Case No. 20-11157) after they failed to refund youth hockey families for tournaments and trips that were cancelled, even though, upon information and belief, the airlines and others reimbursed Legacy. A month later, Legacy officially filed for Chapter 7 Bankruptcy.

30. With Legacy in Bankruptcy, Mrs. St.Pierre thought Griffin's harassment would stop because he no longer had access to lawyers being paid by Legacy, which he was using for his own personal benefit. However, on Nov 1, 2020, Griffin published a book "Front Row Seat: Greed and Corruption in a Youth Sports Company – a book that explores business ethics; accounting and legal matters;", which was listed as non-fiction on Amazon under "Biographies of White Collar Crimes" and "White Collar Crimes True Accounts". Griffin's

book is a defamatory, false, malicious, and damaging publication written about John, Mrs. St.Pierre, and several others accusing them of criminal conduct. There were several sections where he writes about Mrs. St.Pierre, sarcastically referring to her as "a classy lady" (p 249). He writes "I couldn't fathom the nerve or ignorance of this woman. Her husband was terminated by the company and was in the midst of a messy legal battle; yet she thought it was appropriate to access the company's Google Drive and delete files? Give me a break" (p 249). Griffin also claims the files deleted (referenced above) "were evidence of competitive activity" (p 249) even though Judge McNamara had already granted the Rink's Motion to DISMISS all Counts on Aug 27, 2020, because there was no competitive activity.

https://www.courts.state.nh.us/superior/orders/bcdd/Legacy.pdf

31. After seeing that this book was promoted by Griffin on LinkedIn, Mrs. St.Pierre noticed that people were viewing her husband's profile, as well as others mentioned in the book. She then noticed those same people were viewing her profile. Subsequently, Mrs. St.Pierre had to suspend her LinkedIn account to prevent further damage to her professional career as an Engineering and IT consultant after being associated with the book.

32. Griffin's publication was clearly intended to cause irreparable harm to Mrs. St.Pierre's reputation, relationships, and cause financial distress while benefiting his own interests and earning a profit. Griffin undertook his actions in retaliation of Mrs. St.Pierre's criminal complaint, her husband's lawsuit, and to repair his reputation after leading a once successful company into Chapter 7 bankruptcy, owing millions of dollars to youth hockey families. Griffin's conduct was knowing, intentional, willful, wanton, malicious, and fraudulent.

12

**Other Defamatory Statements**

33. In his book, Griffin makes several false, defamatory statements claiming marital problems between Mrs. St.Pierre and her husband: "he told me he had an 'awful' night dealing with his wife." (p 177) and "she was yelling at him and he didn't want the kids to hear it from their bedrooms." (p 178) and "things were not good between him and his wife." (p 180). These events and conversations did not occur, and was intended to cause harm to Mrs. St.Pierre's reputation and relationships.

34. Griffin also declared "his wife [Amy] had just retired" (p 181) which is a false statement damaging to Mrs. St.Pierre's career as an Engineering and IT consultant.

35. Griffin disseminated defamatory information to Legacy employees, many of which were very close friends to Mrs. St.Pierre, which falsely accused John of committing "bank fraud" and engaging in other criminal behavior while employed as Legacy's CEO and President.

36. On or about December 2, 2018, during a meeting between Griffin and Travis Bezio, Director of Global Tours at Legacy and John's business partner at the Rinks, Griffin accused John of having fraudulently falsified and "doctored" Legacy's financial statements. After constant harassing, bullying, and intimidation with threats of litigation if Bezio did not agree to false statements against John, Bezio was forced to resign from Legacy in March of 2019. Shortly after, Griffin retaliated and named him in the lawsuit and then in his book.

37. These lies and threats to Mrs. St.Pierre's friends and anyone at Legacy who has openly supported John have caused Mrs. St.Pierre and her husband to lose many friends that they have had since Legacy was founded 17 years ago - many of them for fear of retaliation and even direct threats of litigation for "conspiracy with John".

38. Mrs. St.Pierre's friends of 20 years, that still worked at Legacy, but were not a Board member, were forced to give Legacy's Counsel personal text messages from Mrs. St.Pierre. One text message that Mrs. St.Pierre sent a friend on New Year's Eve was intentionally edited to cut off the recipient so that Rakhunov could make the false claim in his Declaration:

> "7. Attached as Exhibit F hereto is a true copy of a December 31, 2019 text message that Ms. St. Pierre sent at about 5:08 pm to a Legacy Global board member, among others." (p 3)

39. Outside of Legacy, individuals in the sports industry and the hockey community told Mrs. St.Pierre that they too had been informed of the defamatory statements spread by Griffin, to the effect that John had committed "criminal acts," "bank fraud," "embezzlement," and might be "going to jail." These statements permanently tarnished Mrs. St.Pierre's family's reputation.

## COUNT I

### (Violation of the Stored Communications Act (SCA) – Griffin)

40. Mrs. St.Pierre restates and incorporates by reference herein the allegations set forth above.

41. The SCA was violated when Griffin "intentionally accesses without authorization" Mrs. St.Pierre's files in Google Drive and "thereby obtains" and "alters" her files "while it is in electronic storage in such system."  Google Drive meets the SCA definition of "electronic storage" as "(A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and (B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication." 18 U.S.C. 2510(17).

42. Griffin misused computer network information when: (a) As a result of his accessing or causing to be accessed Mrs. St.Pierre's files, he knowingly made or caused to be made an

unauthorized display, use, disclosure, or copy, in any form, of data residing in Google Drive; and (b) Griffin knowingly or recklessly and without authorization altered and/or tampered with, and took Mrs. St.Pierre's files intended for use within Mrs. St.Pierre's Google Drive for her personal use.  (c)  Griffin knowingly received and retained Mrs. St.Pierre's files obtained in violation of subparagraph (a) or (b) of this paragraph;

43. Griffin was unjustly enriched and received other benefits by accessing Mrs. St.Pierre's files, in violation of the SCA, as well as created a financial burden for Mrs. St.Pierre to secure her account and defend against the documents accessed; therefore, Mrs. St.Pierre is entitled to damages within the jurisdictional limits of this Court in an amount to be proven at trial.


## COUNT II

### (Identity Fraud – Griffin)

44. Mrs. St.Pierre restates and incorporates by reference herein the allegations set forth above.

45. Griffin committed identity fraud when he posed as Mrs. St.Pierre's husband, John St.Pierre, using John's personal identifying information of profile photo of John, email address (jstpierre@legacyglobalsports.com) and password in order to gain unauthorized access to Mrs. St.Pierre's personal account to obtain confidential, private information about Mrs. St.Pierre, her husband, and their personal and business matters and then used that information to make false statements in a lawsuit against them.

46. Griffin falsely representing himself as John caused Mrs. St.Pierre many months to realize it was actually Griffin accessing her account.

47. Griffin was not authorization to send emails and documents posing as John St.Pierre.  There was substantial activity using John's account between Dec 2018 and at least Aug 2, 2019, as

shown in this document and Exhibits, which looked as if was coming from John himself using his name "John St.Pierre" and his picture.

48. Griffin falsely representing himself as Mrs. St.Pierre's husband, John, allowed Griffin to have unauthorized access to Mrs. St.Pierre's accounts for months, causing Mrs. St.Pierre to suffer humiliation, emotional distress as well as created a financial burden for Mrs. St.Pierre to secure her account; therefore, Mrs. St.Pierre is entitled to damages within the jurisdictional limits of this Court in an amount to be proven at trial.

## COUNT III

### (Invasion of Privacy – Griffin)

49. Mrs. St.Pierre restates and incorporates by reference herein the allegations set forth above.

50. Griffin invaded Mrs. St.Pierre's privacy when he accessed her personal account and intentionally intruded upon her private affairs contained in her account.

51. The intrusion was highly offensive to target a former employee's wife, posing as her husband.

52. Griffin's invasion of privacy directly and proximately caused Mrs. St.Pierre to suffer humiliation, emotional distress, as well as created a financial burden to secure her accounts; therefore, Mrs. St.Pierre is entitled to damages within the jurisdictional limits of this Court in an amount to be proven at trial. Also, because Mrs. St.Pierre still does not know the extent of what personal documents were accessed, she will be requesting a subpoena to Google for all items in her personal account accessed by someone other than Mrs. St.Pierre between Dec 1, 2018 and Aug 2, 2019.

## COUNT IV

### (Retaliation, Intimidation, and Interference – Griffin)

53. Mrs. St.Pierre restates and incorporates by reference herein the allegations set forth above.

54. Griffin's aggressive threats and intimidation tactics are causing irreparable harm to Mrs. St.Pierre's family, friendships, community, and financial stability and are interfering with Mrs. St.Pierre's employment, and current and future litigation.  Griffin undertook his actions in retaliation of Mrs. St.Pierre's criminal complaint, her husband's lawsuit against Griffin, and to intimidate her into not filing this complaint.

55. As a result of Griffin's Retaliation, Intimidation, and Interference, Mrs. St. Pierre has suffered financial losses incurred to defend against the libel and false statements, including those in the subpoenas which were used as a "weapon" against her, lost earnings, and emotional distress; therefore, Mrs. St.Pierre is entitled to damages and attorney's fees within the jurisdictional limits of this Court in an amount to be proven at trial.

## COUNT V

### (Defamation – Griffin)

56. Mrs. St.Pierre restates and incorporates by reference herein the allegations set forth above.

57. Griffin published, both orally and in writing, false defamatory statements as fact regarding Mrs. St.Pierre and her family in multiple court documents, to friends, colleagues, and other third parties, and in his book "Front Row Seat: Greed and Corruption in a Youth Sports Company – a book that explores business ethics; accounting and legal matters;".  Those false and defamatory statements include, but are not limited to, the statements of criminal conduct, that Mrs. St.Pierre modified and deleted Legacy documents, and that Mrs. St.Pierre's

husband committed the crime of "bank fraud", fraudulently falsified and "doctored"

Legacy's financial statements, and engaged in other criminal conduct including stalking,

embezzling money from Legacy, and might be "going to jail."

58. Griffin acted with malice in making these false statements.

59. The above statements of fact constitute defamation *per se* because they charged Mrs.

St.Pierre and her husband with a crime, and imputed to Mrs. St.Pierre and her husband's

misconduct in her profession and business.

60. As a direct and proximate result of Griffin's statements, Mrs. St.Pierre has suffered damages,

including but not limited to personal and professional reputational harm, financial losses

incurred to defend against the false statements, lost business, lost earnings, and emotional

distress from losing friends and seeing the devastating affect it has had on her children;

therefore, Mrs. St.Pierre is entitled to damages, attorney's fees, and all proceeds from his

book, within the jurisdictional limits of this Court in an amount to be proven at trial.

61. Mrs. St.Pierre is also seeking a preliminary and permanent injunction prohibiting and

restraining Stephen J Griffin and all others acting on behalf of or in concert with him, from

publishing, printing or distributing, directly or indirectly, any defamatory statements

including those in "Front Row Seat: Greed and Corruption in a Youth Sports Company" or

any portions thereof.


JURY DEMAND

Amy St.Pierre demands a jury on all issues triable by jury.

Wherefore, Amy St.Pierre requests that the Court:

A. Award judgment on Amy St.Pierre's claims;

B. Award Amy St.Pierre recovery of her reasonable attorney's fees and costs;

C. Grant such other and further relief as may be just and proper.

Respectfully submitted,

Pro Se Litigant

Amy St.Pierre
3 Bradley Lane
North Hampton, NH
Email: amy.stpierre25@gmail.com

Dated: Nov 23, 2020

19

# EXHIBIT 1



EXHIBIT 2



# EXHIBIT 2



EXHIBIT 3



**Complaint Referral Form**
**Internet Crime Complaint Center**

---

### Victim Information

Name: Amy St.Pierre
Are you reporting on behalf of a business? No
Business Name:
Is the incident currently impacting business [None]
operations?
Age: 40 - 49
Address: 3 Bradley Ln
Address (continued):
Suite/Apt./Mail Stop:
City: North Hampton
County: NH
Country: United States of America
State: New Hampshire
Zip Code/Route: 03862
Phone Number: 8562642401
Email Address: amystp25@gmail.com
Business IT POC, if applicable:
Other Business POC, if applicable:

---

### Financial Transaction(s)

Transaction Type: Debit Card/Credit Card

If other, please specify:
Transaction Amount: $904.17
Transaction Date: 01/24/2019
Was the money sent? Yes


Victim Bank Name: Chase Visa
Victim Bank Address: PO Box 15123
Victim Bank Address (continued):
Victim Bank Suite/Mail Stop:
Victim Bank City: Wilmington
Victim Bank Country: United States of America
Victim Bank State Delaware
Victim Bank Zip Code/Route: 19850
Victim Name on Account: Amy N StPierre
Victim Account Number:


Recipient Bank Name:
Recipient Bank Address:
Recipient Bank Address (continued):

Recipient Bank Suite/Mail Stop:
Recipient Bank City:
Recipient Bank Country: United States of America
Recipient Bank State [None]
Recipient Bank Zip Code/Route:
Recipient Name on Account: IPT LLC-BALTIMORE
Recipient Bank Routing Number:
Recipient Account Number:
Recipient Bank SWIFT Code:

---

### Description of Incident

Provide a description of the incident and how you were victimized. Provide information not captured elsewhere in this complaint form.

I have several screenshots and pictures showing that Steve Griffin accessed my personal google drive and shared documents with and gave editing rights to Derek Irwin on 12/28/18 who then shared with Barry Pollack. I didn't realize until almost March when my credit card was compromised that my personal Google Drive was also compromised. I also had personal pictures and other personal documents on there and felt violated. At least my card company refunded the money but Steve Griffin and Derek Irwin are using the documents they illegally obtained from my Google Drive in a lawsuit against others.

Which of the following were used in this incident? (Check all that apply.)
☐ Spoofed Email
☐ Similar Domain
☐ Email Intrusion
☑ Other      Please specify: accessed personal info in
                        Google drive

*Law enforcement or regulatory agencies may desire copies of pertinent documents or other evidence regarding your complaint.*

*Originals should be retained for use by law enforcement agencies.*

---

### Information About The Subject(s) Who Victimized You

Name: Stephen James Griffin
Business Name: Legacy Global Sports
Address:
Address (continued):
Suite/Apt./Mail Stop:
City: Providence
Country: United States of America
State: Rhode Island
Zip Code/Route:
Phone Number:
Email Address: sgriffin@legacyglobalsports.com
Website:
IP Address:

Name: ███████
Business Name: ████████████
Address:

Address (continued):
Suite/Apt./Mail Stop:
City:
Country: ███████████████
State: ██████
Zip Code/Route:
Phone Number:
Email Address:
Website:
IP Address:

---

**Other Information**

If an email was used in this incident, please provide a copy of the entire email including full email headers.

[No response provided]

Are there any other witnesses or victims to this incident?

John St.Pierre and my husband's lawyer Chris Carter, Travis Bezio, Shannon Barrows (who had all her accounts hacked last week and I believe it was also by Steve Griffin)

If you have reported this incident to other law enforcement or government agencies, please provide the name, phone number, email, date reported, report number, etc.

I will be reporting to Portsmouth, NH police (where Legacy Global Sports is headquartered and where the crime occurred) next week

☐ Check here if this an update to a previously filed complaint:

---

**Who Filed the Complaint**

Were you the victim in the incident described above? Yes

---

**Digital Signature**

By digitally signing this document, I affirm that the information I provided is true and accurate to the best of my knowledge. I understand that providing false information could make me subject to fine, imprisonment, or both. (Title 18, U.S. Code, Section 1001)

Digital Signature: Amy N St.Pierre

---

Thank you for submitting your complaint to the IC3. Please save or print a copy for your records. ***This is the only time you will have to make a copy of your complaint.***

EXHIBIT 4



EXHIBIT 5



# EXHIBIT 6



Filed
File Date: 11/23/2020 3:30 PM
Rockingham Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

Court Name:    Rockingham - Superior Court

Case Name:    Amy St.pierre v. Stephen J Griffin

Case Number:    **218-2020-CV-01230**
(if known)

**MOTION**: Motion

1. | Amy St.pierre _____ am filing this motion on my own behalf

   AND/OR

   I am a person authorized by court rules to appear on behalf of another in this case.  I am filing this
   motion on behalf of _____

2. The facts supporting this motion are:

   On Nov 1, 2020, Stephen J. Griffin published a book through Amazon Kindle called "Front
   Row Seat: Greed and Corruption in a Youth Sports Company". This book was available in
   paperback on Nov 8, 2020. Griffin claims it is "a book that explores business ethics;
   accounting and legal matters;" and was listed as non-fiction on Amazon under "Biographies
                              [See Attachment(s), item 'Item 2' (continued)]

3. With this motion, I am requesting the following relief:

   Amy St.Pierre is seeking a preliminary injunction prohibiting and restraining Stephen J
   Griffin and all others acting on behalf of or in concert with him, from publishing,
   printing or distributing, directly or indirectly, any defamatory statements including
   those in his book "Front Row Seat: Greed and Corruption in a Youth Sports Company" or any
   portions thereof. As a direct and proximate result of Griffin's statements in his book,
   Mrs. St.Pierre and her family are suffering personal and professional reputational
   damage, lost business, lost earnings, and emotional distress and emotional distress from
   losing friends and seeing the devastating affect it has had on her children. Griffin must
                              [See Attachment(s), item 'Item 3' (continued)]

4. ☐ The other party ☐ does ☐ does not agree with the relief requested in this motion.

   OR

   ☐ I was unable to or did not obtain the other party's opinion on this motion because:

   _____
   _____
   _____

TurboCourt.com Form Set #5166634

**Case Name:** Amy St.pierre v. Stephen J Griffin

**Case Number:**

**MOTION:**

---

***For non e-filed cases:***

I state that on this date I am ☐ mailing by U.S. mail, or ☐ Email (only when there is a prior agreement of the parties to use this method), or ☐ hand delivering a copy of this document to:

_____  or  _____
Other party                                              Other party's attorney

---

**OR**

---

***For e-filed cases:***

☐   I state that on this date I am sending a copy of this document as required by the rules of the court.  I am electronically sending this document through the court's electronic filing system to all attorneys and to all other parties who have entered electronic service contacts (email addresses) in this case.  I am mailing or hand-delivering copies to all other interested parties.

---

| | |
|---|---|
| Amy St.pierre | /s/ Amy St.pierre                               11/23/20 |
| Name of Filer | Signature of Filer                               Date |
| | (856) 264-2401 |
| Law Firm, if applicable          Bar ID # of attorney | Telephone |
| 3 Bradley Ln | amy.stpierre25@gmail.com |
| Address | E-mail |
| North Hampton, NH 03862 | |
| City                          State          Zip code | |

FOR COURT USE ONLY

TurboCourt.com Form Set #5166634

Attachment Page __1__ (of __1__ )

To Motion _____

---

**Item 2 (continued)**

of White Collar Crimes" and "White Collar Crimes True Accounts".  Griffin's
book is a defamatory, false, malicious, and damaging publication written
about Amy St.Pierre and her family, accusing them of criminal conduct. These
statements were proven false in court records in another open lawsuit.
Griffin acted with malice in making these blatantly false statements.
Griffin's publication was clearly intended to cause irreparable harm to Mrs.
St.Pierre's reputation, relationships, and cause financial distress while
benefiting his own interests and earning a profit.  Griffin undertook his
actions in retaliation of Mrs. St.Pierre's criminal complaint against him
after he used her husband's login information to access her personal
documents without her permission, and to repair his reputation after leading
a once successful company into Chapter 7 bankruptcy, with the company owing
millions of dollars to youth hockey families. Griffin's conduct was knowing,
intentional, willful, wanton, malicious, and fraudulent.


**Item 3 (continued)**

cease publication immediately.

TurboCourt.com Form Set #5166634

If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.