UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE (CONCORD)

---

Amy St. Pierre,

    Plaintiff

v.                                                                       Civil No. 1:20-cv-01173-PB

Stephen J. Griffin,

    Defendant.

## MOTION TO DISQUALIFY DEFENSE COUNSEL PHILLIP RAKHUNOV AND POLLACK SOLOMON DUFFY LLP

Pro se Plaintiff, Amy St. Pierre, moves that this Honorable Court disqualify the Defense Counsel Phillip Rakhunov and Pollack Solomon Duffy LLP from representing the Defendant in this case. As described in the Complaint and shown in the Plaintiff's Exhibits, for the past two years, Mr. Rakhunov and a partner at Pollack Solomon Duffy LLP, Barry Pollack, engaged in unethical conduct towards Mrs. St. Pierre and were facilitators for the Defendant's harassment and defamation against Mrs. St. Pierre. Mr. Rakhunov and Mr. Pollack are also witnesses in this case, and defending their own actions and interests as well as their clients causes a conflict of interest. Due to the long history of unethical conduct by the Defendant's counsel towards the Plaintiff, the pro se Plaintiff certifies that she made no attempt to seek concurrence and believes that Defendant will oppose this motion.

1. On January 3, 2019, Mr. Pollack was given unauthorized access to Mrs. St. Pierre personal documents on her Google Drive by the Defendant (Pl.'s Compl. ¶ 12-13, Exhibits 1-2). Mr. Pollack is a witness in this case and will have to testify which violates New Hampshire Rule

1

of Professional Conduct 3.7(a) Lawyer as Witness: "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work unreasonable hardship on the client."

2. None of these exceptions apply.

3. When Mr. Pollack was given unauthorized access to Mrs. St. Pierre's personal documents, he violated New Hampshire Rule of Professional Conduct 4.4(b): "A lawyer who receives materials relating to the representation of the lawyer's client and knows that the material was inadvertently sent shall promptly notify the sender and shall not examine the materials.  The receiving lawyer shall abide by the sender's instructions or seek determination by a tribunal."

4. When Mr. Pollack received the documents, they clearly identified Mrs. St. Pierre as the "Owner", with her name "Amy St.Pierre", email address, and picture (Pl.'s Compl. Exhibit 2), and yet Mr. Pollack failed to notify Mrs. St. Pierre which directly causes the Defendant to have access to Mrs. St. Pierre's personal account for over 3 months.  Upon information and belief, Mr. Pollack not only examined the materials, but used Mrs. St. Pierre's documents to **try** and help the Defendant and himself win in another lawsuit, even though they were aware the documents were not relevant.

5. Mr. Rakhunov is also a witness in this case and will have to testify which violates New Hampshire Rule of Professional Conduct 3.7(a) Lawyer as Witness.

6. On January 28 and 30, 2020, Mr. Rakhunov issued, but did not serve to Mrs. St. Pierre, two separate Subpoena Duces Tecum in another case involving the Defendant for which Mrs. St. Pierre was a non-party (Pl.'s Compl. ¶ 21-22). The first subpoena was to Google for all of her

personal emails for the last four years, and the other for personal documents and private cyber security information (IP address, cell phone service, all telephone numbers, and brand and model of all phone and computers).

7. Both subpoenas were in violation of New Hampshire Rule of Professional Conduct 4.5: "A lawyer shall not issue or obtain the issuance of a subpoena without good cause", as well as New Hampshire Rule of Professional Conduct 4.4(a): "In representing a client, a lawyer shall not take any action if the lawyer knows or it is obvious that the action has the primary purpose to embarrass, delay or burden a third person."  There was no purpose to obtain all of Mrs. St. Pierre's personal emails for four years and other private information other than to embarrass, burden, and harass her.

8. Within 48 hours of submitting Mrs. St. Pierre's Motion to Quash, Presiding Justice Brian T. Tucker issued an Order, excusing Google and Mrs. St. Pierre from complying with both subpoenas.

9. In response, on March 1, 2020, Mr. Rakhunov then made false statements and submitted fabricated and manipulated documents in the "Exhibits of DECLARATION OF PHILLIP RAKHUNOV" in an attempt to convince the Judge to approve "200301 Combined Opposition to the Motions by JSP NAH and ASP to Quash FILING" (No. 218-2019-CV-00198) for access to Mrs. St. Pierre's personal emails and documents (Pl.'s Compl. ¶ 23-27, Exhibits 4-5). In his Declaration, Mr. Rakhunov also submitted a text message with the header information intentionally cut off so he could falsely claim that Mrs. St. Pierre sent the text message to an individual relevant to that case.

10. In submitting fabricated and manipulated court documents, and making knowingly false statements, Mr. Rakhunov and Mr. Pollack violated New Hampshire Rule of Professional

Conduct 4.1. Truthfulness in Statements to Others: "In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person; or (b) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6."

11. On May 15, 2020, the Honorable Judge Richard B. McNamara used strong language to grant Mrs. St. Pierre's Motion to Quash the two subpoenas Mr. Rakhunov issued, saying "the subpoenas are defective" (p. 2, https://www.courts.state.nh.us/superior/orders/bcdd/Legacy-v-St-Pierre-3.pdf) and "the classic explanation of a fishing expedition" (p. 7) and "discovery can be expensive and result in delay. It can be used as a weapon against a party with fewer resources." (p. 3).

WHEREFORE, pro se Plaintiff, Amy St. Pierre, respectfully requests that this Honorable Court disqualify the Defense Counsel Phillip Rakhunov and Pollack Solomon Duffy LLP from representing the Defendant in this case.

Respectfully submitted,
Amy St. Pierre, *pro se*

_____
Amy St. Pierre, *pro se* Plaintiff
3 Bradley Lane
North Hampton, NH
Tel: (856) 264-2401
Email: amy.stpierre25@gmail.com

Dated: Dec 30, 2020

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was mailed to defendant Stephen J. Griffin and Pollack Solomon Duffy LLP by first class mail at address 101 Huntington Ave, Suite 530, Boston, MA 02199-7728 on December 30, 2020.

                                        Amy St. Pierre, *pro se*

                                        By *pro se* Plaintiff, Amy St. Pierre
                                        3 Bradley Lane
                                        North Hampton, NH
                                        Tel: (856) 264-2401
                                        Email: amy.stpierre25@gmail.com