## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| AMY ST. PIERRE,         ) | |
|        ) | |
| Plaintiff,     ) | |
|        ) | |
| v.     ) | Civil Action No. 20-CV-1173-PB |
|        ) | |
| STEPHEN J. GRIFFIN,     ) | |
|        ) | |
| Defendant.    ) | |

## MOTION TO STRIKE PLAINTIFF'S "REPLY" SUBMISSION IN SUPPORT OF HER MOTION TO DISQUALIFY DEFENSE COUNSEL

Defendant Stephen J. Griffin, by his counsel Pollack Solomon Duffy LLP, respectfully moves this Court to strike Plaintiff Amy St. Pierre's "Reply in Support of Plaintiff's Motion to Disqualify Defense Counsel" and the materials attached thereto (ECF Nos. 11 through 11-6).

### Introduction and Background

On December 30, 2020, Ms. St. Pierre filed a motion to disqualify Mr. Griffin's counsel of record citing to (false) allegations in her Complaint, but not attaching any evidentiary materials. (ECF No. 7.) On January 11, 2021, Mr. Griffin opposed Plaintiff's motion, explaining the various dispositive flaws in her effort at an early pretrial stage of these proceedings to deprive Mr. Griffin of his choice of counsel. (ECF No. 10.)

On January 17, 2021, without seeking leave of Court, plaintiff filed a voluminous Reply submission in support of her disqualification motion, containing fourteen pages of argument and enclosing approximately 120 pages of documents, which Plaintiff did not submit or rely upon in her opening motion papers. (*See* ECF No. 11 through 11-6.)

Plaintiff's Reply should be stricken from the record because she did not seek or obtain leave of Court to file a Reply to a non-dispositive disqualification motion, in direct violation of Local Rule 7.1(e)(2). In addition, even if it were permitted, Plaintiff's Reply far exceeds the 5-page limit allotted for replies on non-dispositive motions under Local Rule 7.1(e)(2) and improperly makes arguments and attaches new materials not raised in Plaintiff's opening papers.

## Argument

### I.     Plaintiff's Reply Should be Stricken for Violating Local Rule 7.1(e)(2).

Local Rule 7.1(e)(2) provides that "[a] memorandum in reply to an objection or opposition to a nondispositive motion shall not be permitted without prior leave of court." The Rule further provides that "[a]ny motion for leave to file such a reply shall be filed within seven (7) days of the service of the objection or opposition to which the reply would respond and shall attach the proposed reply, which will be limited to five (5) pages, as an exhibit." LR 7.1(e)(2).

Plaintiff did not seek the Court's permission, but simply made a Reply submission containing fourteen pages of argument and enclosing more than 120-pages of new evidentiary material, in direct violation of two explicit provisions of Local Rule 7.1(e)(2). Those violations require that Plaintiff's Reply be stricken from the record. *See Zibolis-Sekella v. Ruehrwein*, No. 12-CV-228-JD, 2013 WL 4042423, at *1 (D.N.H. Aug. 8, 2013) (striking plaintiff's reply brief on a non-dispositive motion where plaintiff "did not move for leave to file a reply and did not give the court or the defendants' counsel notice of her intent to file a reply, as required by the local rules. See LR 7.1(e)(2).").

### II.     Plaintiff's Reply Improperly Attaches New Evidentiary Material.

In addition to failing to seek leave of Court and exceeding the permitted page limits, Plaintiff's Reply submission makes numerous new arguments and encloses voluminous

documentary evidence upon which the Plaintiff did not rely in her opening papers. Thus, even if Plaintiff were allowed to submit a reply brief, such a submission cannot introduce new arguments or documentary evidence, regardless of how it is framed. *See Attorneys Liab. Prot. Soc'y, Inc. v. Whittington Law Assocs.*, PLLC, 961 F. Supp. 2d 367, 374 (D.N.H. 2013) ("This court ordinarily does not consider arguments made for the first time in reply"); *M & D Cycles, Inc. v. Am. Honda Motor Co.*, 208 F. Supp. 2d 115, 122 (D.N.H. 2002); L.R. 7.1(e)(1) (restricting reply "to rebuttal of factual and legal arguments raised in the objection").

Accordingly, Plaintiff's improper inclusion of voluminous new materials with her Reply submission further requires that her submission be stricken from the record.

## Conclusion

Based on the foregoing, defendant Stephen J. Griffin respectfully requests that the Court strike Plaintiff's Reply submissions (ECF Nos. 11 through 11-6) and deny her motion to disqualify his counsel of record.

Dated:   January 22, 2021

Respectfully submitted,

STEPHEN J. GRIFFIN,

By his attorneys,

/s/Phillip Rakhunov
Phillip Rakhunov (#17153)
POLLACK SOLOMON DUFFY LLP
101 Huntington Ave., Ste 530
Boston, MA 02199
prakhunov@psdfirm.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that plaintiff Amy St. Pierre is being served with a copy of this Motion via Electronic Filing as an authorized pro se user (see ECF No. 4 and 12/24/2020 Order).

/s/Phillip Rakhunov