UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Amy St. Pierre, | ) |
|       Plaintiff | ) |
|       v. | ) Civil No. 1:20-cv-01173-PB |
| Stephen J. Griffin, | ) |
|       Defendant. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO DISQUALIFY DEFENSE COUNSEL**

Pro se Plaintiff, Amy St. Pierre, respectfully submits this Opposition to Defendant Stephen J. Griffin's Motion to strike Plaintiff's "Reply in Support of Plaintiff's Motion to Disqualify Defense Counsel" and the materials attached thereto (ECF Nos. 11 through 11-6).

**Introduction and Background**

On December 30, 2020, Mrs. St. Pierre filed a motion to disqualify Griffin's counsel of record, Phillip Rakhunov and Pollack Solomon Duffy LLP, citing unethical conduct and conflict of interest (ECF No. 7).  On January 11, 2021, Griffin opposed Plaintiff's motion (ECF No. 10). On January 17, 2021, Mrs. St. Pierre filed a Reply only to address the errors, misinformation, and false, malicious, impertinent character assassination of her husband, a non-party. (ECF No. 11). On January 22, 2021, Griffin filed a Motion to Strike Plaintiff's Reply (ECF No. 14).

Plaintiff's Reply should not be stricken from the record because it refutes factual and legal arguments raised in Griffin's Opposition, while quoting and attaching the same documents that he references but falsely summarizes.

1

**Argument**

I.	Although Plaintiff St. Pierre's Reply did not obtain Leave of Court per Local Rule 7.1(e)(2), she asks that this Court permit the filing to refute many of the Defendant's statements in his Opposition. She also asks that the Court extend the 2600 word reply limit per Federal Rule 27(d)(2)(C) (and 5 pages per Local Rule) to properly address Griffin's 120 lines of incorrect statements and character assassination of Mrs. St. Pierre's husband.  Defendant cites *Zibolis-Sekella v. Ruehrwein*, No. 12-CV-228-JD, 2013 WL 4042423, at *1 (D.N.H. Aug. 8, 2013), striking plaintiff's reply brief on a non-dispositive motion where plaintiff did not move for leave to file a reply; however, Griffin did not include the last part of that court order which granted the motion to strike also because the plaintiff "did not file a response to the defendants' motion to strike", which is not the case here.  Further, the Order ultimately granted plaintiff's Motion.

II.	Plaintiff St. Pierre's Reply did not introduce new arguments or new evidence.  Defendant cites *M & D Cycles, Inc. v. Am. Honda Motor Co.*, 208 F. Supp. 2d 115, 122 (D.N.H. 2002); L.R. 7.1(e)(1) (restricting reply "to rebuttal of factual and legal arguments raised in the objection"), which is exactly what Mrs. St. Pierre did in her Reply: rebutted facts and legal arguments raised in the objection.  Her Reply only addresses the false statements and malicious, impertinent, personal attacks on Mrs. St. Pierre's husband.

Reply Exhibits B-E are public court records referenced in the Complaint and other papers, but not attached at that time because filing a *pro se* Complaint in NH state court only allowed short answers to the questions and an "Other" attachment. Therefore, Mrs. St. Pierre used hyperlinks for those court documents in the Complaint filed in NH Superior Court. However, because Griffin referenced some of these Court Orders throughout his Opposition, and

fraudulently reported what the Orders stated, Mrs. St. Pierre attached and corrected Griffin's incorrect statements in her Reply.

Exhibit A is the only new document and it was submitted to directly refute the malicious attacks on Mrs. St. Pierre's husband where Griffin continues to perjure himself claiming he "exposed her husband's illegal activities at Legacy". In addition, the frequent reference to an FBI investigation is malevolent and completely irrelevant to Mrs. St. Pierre, and her husband. Griffin's statement "subsequent acts of obstruction of justice. See, e.g., United States v. Macphee, 1:20-cr-10070-DPW. The docket reflects that Mr. Macphee's sentencing has been indefinitely rescheduled, and that the federal investigation into immigration fraud remains ongoing" is atrocious. That case has nothing to do with Mrs. St. Pierre's husband, is about Global Premier Soccer (GPS), and took place years after Mrs. St. Pierre husband was at Legacy. Court records show Mr. MacPhee pleaded guilty to deleting a GPS email account related to a non-compete case: *Massachusetts Premier Soccer, LLC d/b/a Global Premier Soccer v. Andrew Prosser, Luke Krawczyk, SAN DIEGUITO SURF SOCCER CLUB, INC., et als.*, 1:20-cv-10430. All references to Mrs. St. Pierre's husband should therefore be removed under Rule 12(f) because the statements are immaterial, impertinent, and scandalous.

**Conclusion**

Based on the foregoing, *pro se* Plaintiff, Amy St. Pierre, respectfully requests that this Court deny the motion by Defendant Stephen J. Griffin to strike Plaintiff's Reply submissions (ECF Nos. 11 through 11-6) and grant her motion to disqualify his counsel of record.

Dated: January 24, 2021                     Respectfully submitted,

                                            AMY ST. PIERRE, *pro se*

>By:  /s/ Amy St. Pierre
>Amy St. Pierre (*pro se* Plaintiff)
>3 Bradley Lane
>North Hampton, NH
>Tel: (856) 264-2401
>Email: amy.stpierre25@gmail.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that defendant Stephen J. Griffin is being served with a copy of this Reply by via Electronic Filing.

> /s/ Amy St. Pierre
>Amy St. Pierre, *pro se*